ALK:KRA
F. #2022R00949

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

FARRIS ALBOKHITI and
THOMAS CASTELLO,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
* MAY 4, 2026 *
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. _____ 26-CR-117 _____
(T. 18, U.S.C., §§ 982(a)(1),
982(a)(2)(A), 982(b)(1), 1344, 1956(h),
1957(a), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

Judge Eric N. Vitaliano
Magistrate Judge Seth D. Eichenholtz

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### I.   The Defendants

1.     The defendant FARRIS ALBOKHITI was a resident of Brooklyn, New York.

2.     The defendant THOMAS CASTELLO was a resident of Brooklyn, New York.

### II.   The Victim Banks

3.     Bank-1, Bank-2 and Bank-3, entities the identities of which are known to the Grand Jury, were financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

4.     Bank-1, Bank-2 and Bank-3 were doing business in several states, including New York.

2

III.    The Defendants' Schemes to Defraud the Victim Banks

    A.    ALBOKHITI and CASTELLO's Scheme to Defraud Bank-1

    5.    Between approximately June 2022 and July 2022, the defendants FARRIS ALBOKHITI and THOMAS CASTELLO, together with others, engaged in a scheme to fraudulently obtain the proceeds of a stolen check payable to Business-1, an entity the identity of which is known to the Grand Jury.

    6.    In furtherance of the scheme, the defendant FARRIS ALBOKHITI, together with others, obtained a stolen check for $1,415,237.90 payable to Business-1.

    7.    Thereafter, on or about June 22, 2022, the defendant FARRIS ALBOKHITI registered a business with the New York Department of State, Division of Corporations, under a name substantially similar to Business-1's name (the "Fraudulent Business").

    8.    On or about June 23, 2022, the defendant FARRIS ALBOKHITI opened an account at Bank-1 in the name of the Fraudulent Business (the "Fraudulent Business-1 Account").

    9.    On or about June 27, 2022, the defendant FARRIS ALBOKHITI deposited the stolen check for $1,415,237.90 into the Fraudulent Business-1 Account.

    10.    Thereafter, the defendants FARRIS ALBOKHITI and THOMAS CASTELLO engaged in a series of transactions to move the proceeds out of the Fraudulent Business-1 Account into other accounts that ALBOKHITI and CASTELLO controlled.  One or more of these transactions involved amounts in excess of $10,000.

11.    For example, on or about June 29, 2022, the defendant FARRIS ALBOKHITI electronically transferred $150,000 out of the Fraudulent Business-1 Account into a bank account registered in ALBOKHITI's name at Bank-1.

12.    The following day, the defendant THOMAS CASTELLO deposited a $150,000 cashier's check written from the Fraudulent Business-1 Account into an account registered in CASTELLO's name at another financial institution (the "CASTELLO Account").

B.    CASTELLO's Scheme to Defraud Bank-2 and Bank-3

13.    In or about and between December 2022 and June 2023, the defendant THOMAS CASTELLO, together with others, engaged in a scheme to obtain the proceeds of additional stolen checks by depositing them into accounts held by other individuals at Bank-2 and Bank-3 and thereafter withdrawing the funds.

14.    In furtherance of the scheme, the defendant THOMAS CASTELLO identified individuals with existing bank accounts who were willing to allow CASTELLO to deposit stolen checks into their accounts.   CASTELLO would then fraudulently deposit stolen checks into these individuals' bank accounts and withdraw the deposited funds.

15.    For example, on or about December 1, 2022, the defendant THOMAS CASTELLO obtained a stolen $100,000 check payable to Business-2, an entity the identity of which is known to the Grand Jury.   CASTELLO modified the check to be payable to Person-1, an individual whose identity is known to the Grand Jury.   CASTELLO then deposited the fraudulently altered check into an account belonging to Person-1 at Bank-2.

16.    On or about December 1, 2022, the defendant THOMAS CASTELLO fraudulently deposited a $24,499.55 check payable to Business-3, an entity the identity of which is known to the Grand Jury, into an account at Bank-3 belonging to Person-2, an individual

4

whose identity is known to the Grand Jury.   The deposited check contained a fraudulent endorsement.   After fraudulently depositing the check, CASTELLO, together with others, withdrew thousands of dollars from Person-2's account at Bank-3.

17.    On or about December 1, 2022, the defendant THOMAS CASTELLO fraudulently deposited an $18,726.00 check payable to Business-4, an entity the identity of which is known to the Grand Jury, into an account at Bank-3 belonging to Person-3, an individual whose identity is known to the Grand Jury.   The deposited check contained a fraudulent endorsement.   After fraudulently depositing the check, CASTELLO, together with others, withdrew thousands of dollars from Person-3's account at Bank-3.

18.    On or about June 12, 2023, the defendant THOMAS CASTELLO fraudulently deposited a $27,705.99 check payable to Business-5, an entity the identity of which is known to the Grand Jury, into an account at Bank-3 belonging to Person-4, an individual whose identity is known to the Grand Jury.   The deposited check contained a fraudulent endorsement.   After fraudulently depositing the check, CASTELLO, together with others, withdrew thousands of dollars from Person-4's account at Bank-3.

19.    On or about June 12, 2023, the defendant THOMAS CASTELLO fraudulently deposited a $14,537.46 check payable to Business-6, an entity the identity of which is known to the Grand Jury, into an account at Bank-3 belonging to Person-5, an individual whose identity is known to the Grand Jury.   The deposited check contained a fraudulent endorsement.   After fraudulently depositing the check, CASTELLO, together with others, withdrew thousands of dollars from Person-5's account at Bank 3.

## COUNT ONE
### (Bank Fraud – Bank-1)

20.    The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

21.    In or about and between June 2022 and July 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FARRIS ALBOKHITI and THOMAS CASTELLO, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Bank-1, a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits and other property owned by and under the custody and control of Bank-1 by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT TWO
### (Money Laundering Conspiracy – Scheme to Defraud Bank-1)

22.    The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

23.    In or about and between June 2022 and July 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FARRIS ALBOKHITI and THOMAS CASTELLO, together with others, did knowingly and intentionally conspire to (a) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property

6

involved in such transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of such specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(l)(B)(i), and (b) engage in one or more monetary transactions, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, to wit: bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS THREE THROUGH FIVE
(Money Laundering – Scheme to Defraud Bank-1)

24.    The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

25.    On or about the following dates, within the Eastern District of New York and elsewhere, the defendants FARRIS ALBOKHITI and THOMAS CASTELLO, together with others, did knowingly and intentionally engage in one or more monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit: bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity:

| COUNT | APPROX. DATE | MONETARY TRANSACTION |
|---|---|---|
| THREE | June 30, 2022 | Transfer of $150,000 of fraudulently obtained proceeds via cashier's check from the Fraudulent Business-1 Account to the CASTELLO Account |

| COUNT | APPROX. DATE | MONETARY TRANSACTION |
|-------|--------------|----------------------|
| FOUR | July 8, 2022 | Cash withdrawal of $20,000 of fraudulently obtained proceeds from the Fraudulent Business-1 Account |
| FIVE | July 8, 2022 | Cash withdrawal of $50,000 of fraudulently obtained proceeds from the Fraudulent Business-1 Account |

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

### COUNT SIX
(Bank Fraud – Bank-2 and Bank-3)

26.    The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

27.    In or about and between December 2022 and June 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS CASTELLO, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Bank-2 and Bank-3, financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits and other property owned by and under the custody and control of Bank-2 and Bank-3 by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

### COUNT SEVEN
(Money Laundering Conspiracy – Scheme to Defraud Bank-2 and Bank-3)

28.    The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

29.    In or about and between December 2022 and June 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS CASTELLO, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to

wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of such specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(l)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND SIX

30.     The United States hereby gives notice to the defendants charged in Counts One and Six that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

31.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

     (a)    cannot be located upon the exercise of due diligence;

     (b)    has been transferred or sold to, or deposited with, a third party;

     (c)    has been placed beyond the jurisdiction of the court;

     (d)    has been substantially diminished in value; or

     (e)    has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, THREE, FOUR, FIVE AND SEVEN

32.    The United States hereby gives notice to the defendants charged in Counts Two, Three, Four, Five and Seven that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

33.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

10

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____s/_____
FOREPERSON

By: _Whitman G.S. Knapp, AUSA_
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK